UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WENDY STOLL f/k/a WENDY MCCARTNEY, <br><br> Plaintiff, <br><br> v. <br><br> INVESTINET, LLC, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 3:20-cv-00764 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes WENDY STOLL f/k/a WENDY MCCARTNEY ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC, complaining as to the conduct of INVESTINET, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq*. for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business within the Northern District of Indiana and the events and/or omissions giving rise to the claims made in this Complaint occurred within the Northern District of Indiana.

1

## PARTIES

4. Plaintiff is a consumer over 18-years-of-age residing in Elkhart County, Indiana, which is located within the Northern District of Indiana.

5. Defendant "is a full service account receivables management firm"[1] located at 910 Pinckney Street, Greenville, South Carolina 29609. Defendant's registered agent, Corporation Service Company, is located at 508 Meeting Street, West Columbia, South Carolina 29169. Defendant regularly collects upon consumers located within the State of Indiana.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's attempts to collect upon a purportedly outstanding consumer debt ("subject debt") said to be owed by Plaintiff.

8. The subject debt stems from purportedly past due payments Plaintiff is said to owe in connection with a Credit One Bank, N.A. ("Credit One") credit card Plaintiff used for personal purposes.

9. After Plaintiff's purported default with Credit One, the subject debt was charged off and acquired by LVNV Funding, LLC, who employed Defendant to collect upon the subject debt.

10. On or about July 29, 2020, Defendant mailed, or caused to be mailed, to Plaintiff a collection letter seeking collection of the subject debt ("the collection letter").

11. This collection letter was the first written communication Plaintiff received from Defendant in connection with the subject debt.

---

[1] https://www.investinet.com/services/

12. The collection letter lists various information regarding the subject debt, including an "Account Balance" of "$1292.53," as seen below:

| Date: | 07/29/2020 |
|---|---|
| InvestiNet Reference No.: | ▮ |
| Original Creditor: | Credit One Bank, N.A. |
| Current Creditor: | LVNV Funding LLC |
| Original Account Number: | xxxxxxxxxxxx7650 |
| Account Balance: | $1292.53 |

13. The collection letter provides no further information about the principal balance of the subject debt, other than to list the total account balance said to be owed.

14. Plaintiff was confused as to how the total account balance totaled $1,292.53, as she did not recall ever owing such amount to Credit One.

15. Defendant's collection letter further goes on to state, "As of the date this letter, you owe $1292.53. Because of interest, the amount due on the day you pay may be greater. If you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you before depositing the payment for collection."

16. Thus, upon information and belief, the $1,292.53 represented as being the total account balance, and not just the principal balance, indicates that this amount is comprised of some other charges additional to the principal amount Plaintiff is said to owe in connection with the subject debt.

17. Moreover, Defendant's use of "as of the date of this letter" underscores that the subject debt is variable (i.e., accruing interest or other charges).

18. As *Fields v. Wilber*, 383 F.3d 562 (7th Cir. 2004) instructs, debt collectors run afoul of multiple provisions of the FDCPA when they send a consumer a collection letter attempting to collect a balance which comprises both principal and some other sort of charges, yet fails to itemize

or otherwise explain the charges additional to principal which comprise the overall balance of a particular debt.

19. Defendant's failure in this regard deceived and misled Plaintiff as to the extent of any purported liability in connection with the subject debt, as she was confused and left wondering the nature of extent of her overall liability on the subject debt, given Defendant's failure to clearly explain the nature of the subject debt.

20. Defendant's choice to blindly include language indicating that the subject debt would increase after the date the letter was sent, without considering how, under the instant circumstances, such language was false, deceptive, and misleading, underscores the deceptive and misleading nature of Defendant's collection efforts.

21. Confused and concerned by the nature of Defendant's collection letter, Plaintiff was forced to retain counsel, and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

22. Plaintiff has suffered concrete harm as a result of Defendant's conduct, including but not limited to expending time addressing and dealing with Defendant's confusing and misleading conduct, being deprived the ability to intelligently address the subject debt given Defendant's violations of law, and a violation of her state and federally protected interests to be provided clear and accurate information regarding the debt serving as the basis of Defendant's collection efforts.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

25. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

4

26. Defendant is engaged in the business of regularly collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is the primary purpose of its business.  Defendant has been a member of the Association of Credit and Collection Professionals, an association of debt collectors, since 2013.[2]

27. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a.  **Violations of the FDCPA § 1692e**

28. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

29. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A);

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

30. Defendant violated § 1692e, e(2)(A), and e(10) through its failure to clearly and fairly communicate information regarding the amount of the subject debt to Plaintiff in its collection letter.  Although Defendant's letter is seeking a total amount of $1,292.53, its failure to indicate that a portion of this total account balance was attributable to charges other than principal is in violation of the FDCPA. As circuit courts have stated, "debt collectors must . . . clearly and fairly communicate information about the amount of the debt to debtors. This includes how the total amount due was determined if the demand for payment includes add-on expenses . . . ." *Fields v.*

---

[2] https://www.acainternational.org/search#memberdirectory

*Wilber Law Firm, P.C.,* 383 F.3d 562, 565 (7th Cir. 2004). As such, Defendant's failure to explain in its collection letter that the amount sought included add-on expenses additional to principal is in violation of the FDCPA.

WHEREFORE, Plaintiff, WENDY STOLL f/k/a WENDY MCCARTNEY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e.  Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 11th day of September, 2020.    Respectfully Submitted,

*/s/ Taxiarchis Hatzidimitriadis*
Taxiarchis Hatzidimitriadis #6319225
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com

*Attorneys for Plaintiff, Wendy Stoll f/k/a Wendy McCartney*